PICKETT, Judge.
On August 27, 1969, a suit was filed by Albert J. Bourg in the Seventeenth Judicial District Court, Parish of Terrebonne, State of Louisiana, captioned, “Albert J. Bourg vs. No. 32,119 John J. Crochet and Adele N. Crochet” on the docket of said Court. The purpose of said suit was to obtain a money judgment on a note executed by Leland J. Crochet and the defendants, John J. Crochet and Adele N. Crochet, as accommodation endorsers. March 18, 1970, the defendants, John J. Crochet and Adele N. Crochet, hereinafter sometimes referred to as relators, filed an answer and a third party demand against Leland J. Crochet, the maker of the note. A judgment by default was taken against the third party defendant Leland J. Crochet, at 10:04 A. M., on April 6, 1970. At about 10:15 A.M., or some nine minutes thereafter, the third party defendant obtained an order for 30 days extension in which to file responsive pleadings. April 15, 1970, the relators filed a motion to strike the third party defendant’s extension because it was not timely filed. May 4, 1970, the Court overruled the motion to strike and the third party defendant filed his answer.
The third party plaintiffs claiming that they had no remedy by appeal and alleging irreparable injury if the third party defendant’s answer is allowed to stand, has applied to this Court for Writs of Mandamus, Certiorari and Prohibition, directing the Honorable P. Davis Martinez, Judge, Seventeenth Judicial District Court, for the Parish of Terrebonne, to sustain relators’ motion to strike from the record third party defendant’s motion and order for an extension of time and the third party defendant’s answer to relators’ demand, and that the Honorable P. Davis Martinez be prohibited and enjoined from proceeding further in said cause, and in the event the said Judge did not sustain the motion to strike, that he show cause on a day and date to be fixed by this Court why a writ of mandamus should not issue directing the said Judge to sustain the motion to strike; and in the meantime and until further orders of this court, all proceedings against the relators in this cause be stayed and suspended.
After due consideration, this court issued alternative writs of certiorari, prohibition *155 and mandamus to the Honorable P. Davis Martinez, Judge, Seventeenth Judicial District Court, in and for the Parish of Terre-bonne, State of Louisiana, as follows:
“The petition of relators considered,
“IT IS HEREBY ORDERED that an alternative Writ of Mandamus issue herein, commanding the Honorable P. Davis Martinez, Judge of the Seventeenth Judicial District Court for the Parish of Terrebonne, to sustain relators’ motion to strike. Or, in the alternative, said Judge and the respondents, Leland J. Crochet and Albert J. Bourg, shall show cause in this Court, by briefs, on or before the Thirtieth day of July, 1970, why this writ should not be made peremptory; and Should said Judge elect the alternative, .IT IS ORDERED that a writ of certiorari issue herein directing said Judge to transmit to the Court of Appeal, First Circuit, State of Louisiana, on or before the date aforesaid, the record, or a certified copy of the record, of the proceedings complained of by the relators herein, to the end that the validity of the proceedings may be ascertained ; and
“IT IS FURTHER ORDERED, in the event the alternative is elected, that, in the meantime and until further orders of this Court, all proceedings against the relators in this cause in said Seventeenth Judicial District Court for the Parish of Terrebonne shall be stayed and suspended.
“Granted at Baton Rouge, La., June 29, 1970.”
The Third Party Defendant, Leland J. Crochet, hereinafter referred to as respondent, answered the alternative writs contending that Article 1035 of the Code of Civil Procedure should be construed liberally so as not to penalize a litigant unless it is clearly shown that said litigant is attempting to delay and circumvent justice.
C.C.P. Article 1035 provides:
“The answer in an incidental action shall be filed within the delay allowed by Article 1001, or at any time prior to a judgment by default against the defendant in the incidental action, and shall be subject to all of the rules set forth in Articles 1001 and 1003 through 1006.”
C.C.P. Article 1035 requires an answer to an incidental action be filed “prior to judgment by default.” The reasons for the more stringent answer requirements are given in the “Comments” to C.C.P. Article 1035 which, after explaining that a judgment by default is known in the professional vernacular as “the preliminary default”, states in part the following:
“The reason why answers to incidental demands are required to be filed prior to judgment by default, under the above article, is that any rule permitting such answers to be filed prior to confirmation of the default judgment would place the plaintiff in these incidental actions under a tremendous disadvantage. If the plaintiff in the incidental action attempted to confirm his default judgment prior to trial, he would be compelled quite often to offer all of the evidence which would be submitted on the trial by both the original plaintiff and the plaintiff in the incidental action. If the plaintiff in the incidental action waited to confirm the default judgment against the defendant in the incidental action until the trial of the case on its merits, he might be faced with an answer to the incidental action filed a few minutes before such trial commenced, which might raise affirmative defenses which plaintiff in the incidental action would not be prepared to meet on the trial. For this reason, answers in incidental actions are to be filed prior to the judgment by default.”
From the foregoing, it is clear that the primary reason for requiring an answer in an incidental demand prior to judgment by default is that otherwise the third party *156 plaintiff would be at a great disadvantage in trying his case, if responsive pleadings were not filed.
In this case, the requirement of an answer prior to default, as provided by the Louisiana Code of Civil Procedure, has not been followed. The fact that only nine minutes elapsed between default and answer is of no moment, because if nine minutes is an allowable span of time, why not four hours, or six hours. Such procedure would be approaching the “same day” rule of the Code of Practice Article 314, which was the predecessor to C.C.P. Article 1002. It is our opinion that the writ should be granted.
For the above and foregoing reasons, it is hereby ordered that the alternative order previously entered herein be made peremptory and that relators’ motion to strike from the record the respondent’s Motion and Order for Extension of Time and the Third Party Defendant’s Answer to the Third Party Demand, filed herein on April 6, 1970, by respondent, be annulled and set aside. All costs to be paid by respondent.